PER CURIAM:
Claimant Kimberly Lewis brought this action for compensation for damage to her 1987 Cavalier automobile resulting from a slip in a road maintained by the respondent.
On or about June 2, 1996, at approximately 10.00 p.m., the claimant was operating her vehicle on Green Valley Drive, also known as Route 8, in St. Albans. The weather was clear, and claimant was driving at approximately 10 to 15 miles per hour. The evidence is that Green Valley Drive in this area is a paved narrow road with several curves and dips. Claimant was unfamiliar with the road, having never driven it before. The testimony and photographs introduced by the claimant indicate that claimant encountered a slip on the right side of the road just as she was topping the crest of a small incline, resulting in damage to her tire, wheel and suspension in the amount of $541.54, the cost of repairs. Claimant carried liability insurance only.
Charles E. Smith, maintenance crew chief for the respondent, testified that in late 1994 or early 1995 the road was undermined after a third party had undercut the road for purposes of a trailer foundation. In October 1995, the respondent installed gabion baskets, a temporary foundation made of rock and wire, to shore up the road. These gabion baskets held until a strong storm on or about May 27, 1996, just days before claimant’s accident. Mr. Smith testified that as a result of the storm, the slip broke loose again.
Mr. Smith testified that after the storm, but prior to the claimant’s accident, several “Hazard” signs were placed at the location of the slip to warn motorists. However, the claimant’s testimony and photographic evidence establish that the location of the slip was not readily visible to approaching motorists, and there were no other warning signs installed until after claimant’s accident, when the respondent installed a sign reading “One Lane Road 500 Feet.”
The law is well settled that state is neither an insurer nor guarantor of the safety of persons traveling on its highways. For respondent to be held liable for damage caused by a road defect, it must have had actual or constructive knowledge of the condition and a reasonable amount of time to take corrective action. Davis vs. Division of Highways, 11 Ct.Cl. 150 (1977); Chapman vs. Division of Highways, 16 Ct. Cl. 103 (1986). The Court is of the opinion that the respondent had reason to know that the slip created a substantial risk to motorists and should have installed additional warning signs pending repairs. Accordingly, the Court is of the opinion that claimant is entitled to an award for her cost of repairs. The claimant submitted a bill documenting the costs of repairing her vehicle in the amount of $541.54, and the Court therefore makes an award of this amount.
Award of $541.54.